NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO GONZALES GRANADOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-73694

Agency No. A200-832-200

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred October 18, 2022
Submitted July 1, 2024**

Before:  BYBEE and OWENS, Circuit Judges, and RAKOFF,*** District Judge.

Francisco Gonzales Granados ("Gonzales"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

appeal from the immigration judge's ("IJ") denial of cancellation of removal. We dismiss for lack of subject matter jurisdiction.

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)).

The Attorney General "may cancel removal" of a nonpermanent resident who meets four criteria. 8 U.S.C. § 1229b(b)(1). The last of these criteria is "a showing that the noncitizen's removal would result in 'exceptional and extremely unusual hardship' to a U.S.-citizen or permanent-resident family member." *Wilkinson v. Garland*, 601 U.S. 209, 211–12 (2024) (quoting *id.* § 1229b(b)(1)(D)). Gonzales sought relief on the basis that his removal would result in hardship to his son, who is a U.S. citizen.

We generally lack jurisdiction to review discretionary-relief judgments, *see* 8 U.S.C. § 1252(a)(2)(B)(i), as well as "[t]he facts underlying any determination on cancellation of removal," *Wilkinson*, 601 U.S. at 225. But we retain jurisdiction over "constitutional claims or questions of law." § 1252(a)(2)(D).

1. Gonzales first argues that, contrary to 8 C.F.R. § 1003.1(d)(3)(i), the BIA did not review the IJ's factual determinations for clear error. He asserts that the IJ's factual findings were so clearly erroneous that the BIA could not have upheld

them under a proper application of this standard. "Whether the BIA has applied the correct standard of review is a question of law." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). But the substance of Gonzales's claim about the standard of review is solely factual. As a result, we lack jurisdiction to consider it. *See Wilkinson*, 601 U.S. at 225.

2. Next, Gonzales asserts that the BIA "failed to consider all the relevant factors and evidence in connection with the hardship assessment" because "the IJ and the [BIA] did not consider the full extent of [Gonazales's son's] learning and psychological issues." We would have jurisdiction to review this argument because the BIA's failure to "consider all the evidence before it" amounts to a "legal error." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). However, Gonzales does not point to evidence of his son's learning difficulties or mental health issues that the IJ or the BIA overlooked. As the BIA stated, the IJ considered "the recent [Individualized Education Program] documents[] [and] psychological evaluation" on which Gonzales relies. Gonzales disputes the factual findings the IJ made based on that evidence. But, again, we cannot review such factual determinations. *Cf. Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.").

3. Finally, Gonzales asserts that the BIA erred in determining that Gonzales did not show the requisite hardship to his son. Whether a noncitizen's removal would result in "exceptional and extremely unusual hardship" to a qualifying relative is a "mixed question of law and fact." *Wilkinson*, 601 U.S. at 221–22. But "[o]ur jurisdiction to review mixed questions of law and fact is limited to instances where the underlying facts are 'undisputed.'" *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (quoting *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008)); *see also Wilkinson*, 601 U.S. at 217 ("'[T]he statutory phrase "questions of law" includes the application of a legal standard to undisputed or established facts,' also referred to as mixed questions of law and fact." (quoting *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020))).

As with his first two arguments, Gonzales's challenge to the BIA's hardship determination boils down to a factual dispute. He disagrees with the IJ about the seriousness of his son's learning difficulties and mental health issues. Because "[t]he facts underlying any determination on cancellation of removal," including "the seriousness of a family member's medical condition, . . . remain unreviewable," we also lack jurisdiction to consider this argument. *Wilkinson*, 601 U.S. at 225.

**DISMISSED FOR LACK OF JURISDICTION.**